TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*
  *Yi Xu Chen*

FILED
DISTRICT COURT OF GUAM
DEC - 7 2006
MARY L.M. MORAN
CLERK OF COURT

THE DISTRICT COURT OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. CR05-00083 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT'S OBJECTION TO PRESENTENCE INVESTIGATION REPORT AND SENTENCING MEMORANDUM** |
| YI XU CHEN, | ) | |
| Defendant. | ) | |

TO: **KARON JOHNSON, ESQ.,** *Assistant U. S. Attorney,* **Office of the United States Attorney**, 108 Hernan Cortez Avenue, Suite 500, Hagåtña, Guam 96910.

**DEFENDANT'S OBJECTION TO THE
PRESENTENCE INVESTIGATION REPORT**

Defendant objects to Paragraph 40 of the P.S.I. report in which four levels were added for Adjustment for Role in Offense under §3B1.1(a) in that Defendant is considered a "leader" of a criminal activity that involved five (5) or more participants.

Defendant denies that he was a leader of this criminal activity due to his minimal participation as opposed to what the other co-defendants did.

Defendant admitted that he helped recruit people to be brought to Guam, and then brought them to Guam. The co-defendants Ling Ping Cai and Jin Mu were the true leaders of this conspiracy who organized the operation, recruited the aliens, collected the money and bought, and equipped and drove the boat.

It is Defendant's assertion that the Defendant should be entitled to a Mitigating Role adjustment under §3B1.2(a) or (b) in that Defendant was either a minimal participant or a minor participant. Defendant is plainly less culpable that co-defendants Cai or Mu, and lacked the knowledge or understanding of the scope and structure of the enterprise. In the alternative, Defendant argues that he was substantially less culpable than most other participants and performed a limited function in the enterprise, but whose role could not be describes as minimal.

Therefore, Defendant requests that this honorable Court deem Defendant not to be a leader, or, in the alternative, that Defendant receive a downward adjustment for being a minor or minimal participant.

### SENTENCING MEMORANDUM

Defendant, Yi Xu Chen, aside form the objection noted above, does not object to the balance of the P.S.I. Report. However, as Defendant has no ability to pay any fine and asks that no fine be imposed.

Dated this 7th day of December, 2006.

**TEKER TORRES & TEKER, P.C.**

By: _____
SAMUEL S. TEKER, ESQ.
*Attorneys for Defendant*

To Whom It May Concern:                                          November 25, 2006

On February 27th of 2004, we were smuggled into Guam with the help of Mujin and A-Ping. I promised to give two thousand U.S. dollars to Mujin after arriving on Guam since I did not have any money at all at the moment of my departure from Saipan. The total number of people smuggled away from Saipan to Guam was eleven. By the time we arrived in Guam, two people had not yet paid the money to A-Ping completely. I was asked by A-Ping previously to collect the money and send it to him. Mujin collected money from the two people that had not paid.

Since we did not have any money at all at this time, Mujin used the money collected from the other two people to help me and three other people to rent a house and hire a lawyer. The money we possessed was used up within a few days.

In May of 2004, Mujin asked me again for five hundred U.S. dollars as part of the two thousand U.S. dollars which I promised to pay him, earlier. In August of 2004, he asked me to lend him two thousand U.S. dollars, which I could not.

On September 27, 2005, I was detained and accused of accepting money and assisting with illegal immigration. In 2006, under the advice of my lawyer, I admitted to the accusation and cooperated in the investigation of the case. I provided some covert information about the illegal immigration from Saipan and specifically from Garapan. I asked the lawyer many times to help me atone for my crime, and I have been repenting of my guilt while being detained. Therefore, I hope the Judge and the Prosecuting Attorney will give me a change to atone for my past indiscretions.

Your Honor and the Prosecuting Attorney, I am really sorry and truly want to apologize to all of you since my case has brought such huge cost and inconvenience. I am truly remorseful and willing to accept your penalty. Also, I hope that you and the Government of Guam can give me one more chance to atone for my actions. After release from jail, I would like to contribute to Guam's society by using my culinary skills to contribute Community Service time to those in need on the island of Guam.


Sincerely,


Yixu Chen